JULIA A. McLAIN, as Executrix, etc., *Appellant*, v.
M. V. B. PARKER, *Appellee*.

No. 17,930.

OPINION DENYING A REHEARING.

Appeal from Johnson district court.  Opinion deny-
ing a rehearing filed April 12, 1913.  Rehearing denied.
(For original opinion, see *ante*, p. 717, 129 Pac. 1140.)

*Thurmond & Farrar*, of Kansas City, Mo., for the
appellant; *Hoyt A. Poorman*, and *Flavel Robertson*,
both of Kansas City, Mo., of counsel.

*I. O. Pickering*, of Olathe, for the appellee.

The opinion of the court was delivered by

MASON, J.:  A petition for rehearing has been care-
fully considered, but the court remains of the opinion
that the case was rightly decided.  Supplementary to
the original opinion it may be said that we do not de-
termine that the action in Kansas on the Missouri judg-
ment could not have been revived in the name of the
Missouri administrator, nor is the decision based upon
the view that technically the title to that judgment was
vested in the Kansas executrix rather than in the Mis-
souri administrator.  The domiciliary representative,
however, has in a sense a title to all the property of the
testator, wherever situated.   (18 Cyc. 1228, 1229.)
The executrix can not be regarded as a stranger to the
action brought by the testator in this state upon the
Missouri judgment.  A payment to the executrix would
be a complete protection to the defendant, and under
the circumstances of the case we hold that he can not
defeat the action on the ground that the revivor could
only have been lawfully had in the name of the foreign
representative.

The statements made in the original opinion as to
the contents of the petition on which the Missouri judg-

ment was based were derived from the recitals of the judgment—a source which we regard as sufficient for the purpose of indicating the character of the judgment. The statement as to the character of the plaintiff's cause of action was not entirely accurate. It read: "In each instance the plaintiff asked to have the court annul on account of fraud a contract which he had made with the defendant for the purchase of real estate." (*Ante,* p. 720.) From the recitals of the judgment it in fact appears that in most instances what the plaintiff charged was, not that the defendant sold him property directly, but that he induced him to join in buying property from others, overstating the price, and defrauding him of the difference. In these instances the court annulled the contract between the plaintiff and the defendant, giving the plaintiff judgment for the amount he had paid, and requiring him to deed his interest in the property to the defendant. The correction is made for the sake of accuracy, but is not thought to affect the legal question involved.

We realize that the defendant is exposed to an apparent hardship by the Kansas court undertaking to enforce the foreign judgment, inasmuch as it has no power to compel the delivery of the deeds deposited with the clerk of the Missouri court for his benefit. We remain of the opinion, however, that inasmuch as the judgment by its terms is payable without condition, the plaintiff is entitled to sue upon it in this state, where its justice or injustice is not a matter of inquiry. If collection is made here it must be presumed that the defendant, upon showing that fact to the Missouri court, can obtain his deeds, just as he might do if the judgment had been satisfied in any other manner, and just as he might procure a discharge of any judgment against him, the amount of which had been collected by suit thereon in another state.